IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JENNY'S MEMORIAL BUSINESS ENTERPRISES, CHAMPIONS ENTERTAINMENT, AND AHAOMA B. OIA <br><br> Plaintiffs <br><br> v. <br><br> PEACOCK FILMS AND MOSHE BIBIYAN <br><br> Defendants | ) ) ) ) ) ) ) CIVIL ACTION No. H-03-5873 ) ) ) ) ) |

## MEMORANDUM AND ORDER

**I.   Background**

In 1994, the Plaintiffs, Jenny's Memorial Business Enterprises, Champions Entertainment, and Ahaoma B. Oia ("Jenny's"), executed a contract with the Defendants, Peacock Films and Moshe Bibiyan ("Peacock").  Doc. 1, Exh. A.  Under the contract, Peacock would distribute a film titled "Altered Love" and pay Jenny's "100% of the Net Receipts."  Id., ¶21.  The contract was to be interpreted under the laws of California.  Id., ¶21.

When Peacock failed to pay Jenny's any money, Jenny's filed suit and served Peacock. Peacock failed to respond and Jenny's obtained an order of default on January 10, 2005.  Doc. 16.  However, a default judgment was not entered because Jenny's had not established damages. Instead, a hearing to determine the amount of damages was held on February 11, 2005.  Jenny's offered evidence that Peacock was distributing "Altered Love" as a DVD or VHS rental. However, Jenny's did not present any evidence concerning the expenses of distributing the film or the volume of sales.

**II.     Legal Analysis**

Essentially Jenny's alleges that Peacock breached a contract. The contract provides that California law shall govern it. Doc. 1, Exh. 1 ¶21. Because the only basis for jurisdiction is diversity, the forum state's choice of law rules govern the case. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The choice of law rules applied by Texas courts recognize that parties may select the law that a court will apply to their contract. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 677 (Tex.1990), *cert. denied,* 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991).

Under California law, "[i]n a breach of contract action, 'the measure of damages, ... is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.'" *Resort Video, Ltd. v. Laser Video, Inc.,* 42 Cal.Rptr.2d 136, 145 (Cal.App. 1995) (citing Cal. Civ. Code § 3300 (West 2005)). In this case, Jenny's should be awarded the "Net Receipts" of "Altered Love."

To recover lost profits, the "evidence of lost profits must be unspeculative and in order to support a lost profits award the evidence must show with reasonable certainty both their occurrence and the extent thereof." *Sanchez-Corea v. Bank of America,* 215 Cal.Rptr. 679, 689 (Cal. 1985). (citations omitted). Under this rule, "[a]s long as there is available a satisfactory method for obtaining a reasonably proximate estimation of the damages, the defendant whose wrongful act gave rise to the injury will not be heard to complain that the amount thereof cannot be determined with mathematical precision." *Noble v. Tweedy,* 203 P.2d 778, 782 Cal.App. 1949) (citations omitted).

In this case, Jenny's did not establish that "Altered Love" produced any "Net Receipts." It established that someone is distributing "Altered Love" and, in all probability, receiving

revenue. However, that revenue may not be sufficient to permit Jenny's to recover any "Net Receipts." The contract defines "Net Receipts" as: All money received (gross receipts) minus 35% of the gross receipts paid to Peacock as a Distribution Fee minus Distribution Expenses minus money advanced to Jenny's or on behalf of Jenny's. Doc. 1, Exh. A, ¶11. Because the Distribution Fee is so large, "Altered Love" cannot produce even a dollar of "Net Receipts" unless the distribution costs do not exceed 65% of the gross receipts. Before this court will award Jenny's damages, it must receive evidence that "Altered Love" produced Net Receipts, i.e., some evidence, even approximate evidence, of the film's Gross Receipts and Distribution Expenses.

Peacock's failure to respond in any way or at any time has denied Jenny's access to any information from which it could divine whether "Altered Love" produced Net Receipts. Therefore, this court will leave this case open until at least October 31, 2006 to permit Jenny's to discover more evidence whether by obtaining records of those websites and other distributors who rent and sell "Altered Love" or by serving discovery requests on Peacock as a business entity or on Bibiyan individually. Should Peacock or Bibiyan refuse to appear or produce records at a deposition in California once served with a properly issued subpoena, Jenny's would have the right to attempt a discovery conference and then bring a motion to compel responses to discovery requests. If Jenny's complies with all of the discovery rules and intransigence by Peacock and Bibiyan prevents Jenny's from producing evidence of damages then this court will entertain a motion for discovery sanctions which might allow an award of money that would be based on the criteria for sanctioning abuses of the discovery process, rather than on California's laws governing damage awards.

Jenny's also requested an award of attorneys' fees. The proposed order requested $1,500,000 in attorneys' fees, but did not identify a statutory or contractual basis for awarding

any attorneys' fees. If Jenny's wishes to articulate a legal basis for receiving an award of attorneys' fees, then it may do so. However, Jenny's is cautioned that most statutes permitting courts to award attorneys' fees allow only an award of "reasonable" attorneys' fees and require the attorneys requesting fees to document that they have spent a reasonable amount of time prosecuting the case. An award of $1,500,000 is highly unlikely to be found reasonable because an attorney would need to bill 2,000 hours, about one year of billable hours, at the rather high rate of $750 per hour, to justify it.

Finally, should Jenny's wish to present and argue a theory of damages based on a different cause of action pled in the original petition, the court would consider such a motion so long as it is supported by citations to the relevant law and by properly admissible evidence supporting the amount of damages requested.

**III.   Order**

Based on the above analysis of the law and a review of the court's file, it is hereby ORDERED that:

(1) the Plaintiff's request for a default judgment in the amount of $30,000,000.00 is DENIED; and

(2) the Plaintiff shall have leave to present further evidence of damages at any time before October 31, 2006.

SIGNED at Houston, Texas, this 28th day of April, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE