UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNYS MEMORIAL BUSINESS ENTERPRISES, *et al*, | } } } | |
| Plaintiffs, | } } | |
| v. | } } | CIVIL ACTION NO. H-03-5873 |
| PEACOCK FILMS/1ST MIRACLE PICTURES (PFMP), *et al*, | } } } | |
| Defendants. | } | |

**MEMORANDUM AND ORDER**

　　　　Pending before the court is plaintiffs Jenny's Memorial Business Enterprises, Champions Entertainment, and Ahaoma B. Ohia's (collectively "Jenny's") motion to enter a reduced default judgment (Doc.  29).  Because plaintiffs have failed to produce any competent evidence of damages, the court ORDERS that Plaintiffs' motion for entry of a reduced default judgement (Doc.  29) is DENIED.

　　　　This breach of contract case concerns the sale and distribution of a film titled "Altered Love."  In 1994, Jenny's entered into a contract with Defendants, Peacock Films and Moshe Bibiyan ("Peacock"), regarding the distribution "Altered Love."  Under the contract, Peacock agreed to pay Jenny's "100% of the Net Receipts" in exchange for the distribution rights.  *See* Distribution Agreement ("Agreement") (Doc. 1, Ex.  A).  The contract defined "Net Receipts" as the gross receipts (all money received) minus 35% of the gross receipts (Peacock's distribution fee) minus distribution expenses minus advancements (to or on behalf of Jenny's). *See id*. at ¶ 11. Peacock did not pay Jenny's any money, so Jenny's filed suit.

　　　　Jenny's obtained an entry of default (Doc.  16) against the Defendants when

Peacock failed to respond.  On February 14, 2005 an evidentiary hearing on damages was held. On April 28, 2006 the court issued a Memorandum and Order explaining that it could not award a judgment in the amount requested by plaintiffs because plaintiffs had not presented competent evidence of damages.  Plaintiff only demonstrated that the movie was being distributed, but provided no evidence that such distribution resulted in Net Receipts.

Recognizing that the plaintiffs may have been thwarted in their attempt to show these damages by Peacock's failure to respond, the court permitted plaintiffs additional time to gather and present "some evidence, even approximate evidence," that "Altered Love" produced Net Receipts.  *Id*.  at 3.  The court suggested two avenues by which plaintiffs could gather this evidence: first, by obtaining *records* of those websites and other distributors who rent and sell the movie; and second, by serving appropriate discovery on Defendants and, should Defendants fail to comply with the court's discovery orders, by  bringing a motion for monetary sanctions. *Id*.  The court's order also suggested that plaintiffs reexamine their legal and factual basis for attorneys' fees, noting that $1.5 million was unlikely to be found reasonable.  *Id*.  at 3-4.

Unfortunately, plaintiffs did not follow the court's suggestions.  First, the evidence that Jenny's has provided from its online research is unavailing.  The website printouts again only demonstrate that "Altered Love" has been distributed.  None indicates the sales volume or the gross receipts of the individual websites distributing "Altered Love."[1]   These printouts are not evidence of the gross receipts or sales volume of "Altered Love" and are not, therefore, evidence that "Altered Love" produced Net Receipts.  Nor is Jenny's offer of evidence regarding distribution expenses relevant without evidence of gross receipts.  As previously stated, distribution expenses are subtracted from the gross receipts.  Without a starting point,

---

[1] Plaintiffs's attempt to place a quantitative measure on the number of copies sold or rented on the Amazon.co.uk website is misplaced.  Plaintiffs quote the sales volume at "65,485."  A closer examination of the attached exhibit reveals that 65,485 refers to the "Sales Rank" of "Altered Love," which is not an indication of how many copies of the movie have been sold, but rather, the movie's rank in terms of demand.

gross receipts, distribution expenses are meaningless.  Second, in response to the court's recommendation concerning discovery, plaintiffs failed to bring either a motion to compel or a motion for discovery sanctions.  Therefore, plaintiffs have not provided the court with the evidence necessary to identify the damages with reasonable certainty.  *See Acree v.  General Motors Acceptance Corp.* , 112 Cal.  Rptr.  2d  99, 110 (Cal.  Ct.  App.  2001) ("The law requires only  that  some *reasonable basis of computation*  be used, and the result reached can be a *reasonable approximation* .") (emphasis added).  As such, an entry of default judgment, even a reduced default judgment, is without merit in this case.

On a final note, plaintiffs also request $2 million in punitive damages and $50,000 in attorneys' fees.  However, plaintiffs do not provide any legal or factual support for either award.  Punitive damages are not generally recoverable for a breach of contract under California law.  *See* CAL.  CIV.  CODE § 3294(a) (Deering 2006); *Myers Bldg.  Indust., Ltd.  v.  Interface Tech., Inc.* , Cal.  Rptr.  2d 242 (Cal.  Ct. App.  1993).  As noted in the court's prior order (Doc. 25), attorneys' fees may have been recoverable, but Jenny's again fails to identify a statutory or contractual basis for awarding such  fees.  plaintiffs inability to articulate a basis for these monetary damages prevents the court from entering a default judgment in their favor.

Despite the court's guidance and ample latitude, plaintiffs have failed to muster the necessary proof regarding their damages in this matter.  Accordingly, it is hereby:

**ORDERED** that plaintiffs' motion for entry of a reduced default judgment (Doc. 29) is **DENIED**.   The court will leave the case open for an additional thirty (30) days from the date of the entry of this Order so that plaintiffs will have another opportunity to obtain evidence and notify the court of same.  Thereafter a final judgment will be issued.

SIGNED at Houston, Texas, this 15th day of February, 2007.

Melinda Harmon
United States District Judge